# MEMO ENDORSEMENT

Hon Kenneth M. Karas  4/13/21
United States District Judge
United States District Court
300 Quarropas Street
White Plains NY 10601

RECEIVED APR 28 2021 U.S.D.C. W.P.

Re: Herring v. Sgt Kiske et al
    20 CV 8765 (KMK)

Hon Karas
    Plaintiff asks your Honor to Please consider this letter to the court in motion form. Plaintiff is unable to get to the Law Library no matter how many requests are submitted so Plaintiff can have this typed.

    Your Honor, Defendants attorneys have submitted a motion to dismiss under F.R.C.w.P 12(b)(6), and Plaintiff makes this answer to such motion to dismiss for the follow reason in why the 1983 Petition should not be dismissed.

    1) Defendants claim that Plaintiff fails to state a Vaild fourteenth Amendment claim.

    The United State Supreme Court has stated that deliberate indifference to serious medical needs of a Prisoner constitutes the unnecessary and Wanton infliction of Pain. See Estelle v. Gamble 97 Sct 285.

2) In Plaintiffs Petition he claims that defendants failed to treat his medical problems he had for his Penis and Foot infection. ie "deprive me of my medical treatment." See Complaint filed Page 3 Paragraph D

3) Pre-trial detainees right to medical care is Protected by the Due Process rather then the 8th Amendment. But most courts apply the Same 8th Amendment Standard see Cuoco v. Moritsugu 222 F3d 99, 106-07 (2d Cir 2000). Bell v. Wolfish 441 US 520, 99 Sct 1861.

4) Under New York State Correctional Law, Sections 500-c, 500-h, 501 and 508. It out lines that a detainee must be Provided Medical Care.

5) Defendants had actual knowledge of Plaintiffs Serious medical needs. that even later resulted in hospitalization after being denied Proper medical treatment. See Farmer v. Brennan 114 Sct 1970.

6) Defendants knew Plaintiff was exhibiting classic symptoms of serious medical needs that could be found to be deliberately indifferent. See Estate of Carter V City of Detroit 408 F3d 304, 310, 312-13 (6th Cir 2005); Hudak V Miller 28 FSupp2d 827, 831 (S.D. N.Y. 1998)

2

7) The fact that a risk was obvious can support a finding defendants knew about it. Both the situation of Plantiff's penis and foot resulted in hospitalization after being denied prompt medical care.
See Farmer v. Brennan 114 Sct 1970

8) Plantiff already is missing one leg and defendants failed to provide the proper and needed medical treatment that only left Plantiff to suffer by defendants actions. Plantiff thus was denied medical treatment in many ways as a disabled person
See Candelaria v Coughlin 787 F Supp 368, 378 (S.D.N.Y. 1992); Hemmings v. Gorczyk 134 F3d 104, 108 (2d Cir 1998); Hallett v. NYS Dept of Corr Serv. 109 F Supp 2d 190 (SDNY 2000).

9) The ADA and Section 504 of the Rehabilitation Act apply to prisoners
See 42 USC 12101, 29 USC 794, and Pennsylvania Dept of Corr v. Yeskey, 524 US 206, 118 Sct 1952

10) The casual unjustified dissemination of confidential medical information to non-medical staff and other prisoners is unconstitutional. see Woods v White 689 F Supp at 877; Leland v US 291 F3d at 999; Cortes v. Johnson 114 F.Supp 2d 1182, 1185 (W.D.N.Y. 2000); Nolley v. County of Erie 776 F. Supp 715, 734-36 (W.D.N.Y. 1991)

3

11) Under HIPAA the Statute 42 USC 1320 requires "Covered entities" to keep Peoples health information Private or except as specified under 45 CFR 164.512, or as authorized by the person a covered entity is anyone who provides health care, and transmits records electronically so Prison and Prison system can be covered entities subject to HIPAA restrictions.

12) New York State Law Covers the Privacy of medical information under NYS Public Health Law 2780. Damages can be awarded for the release of medical information. See Nolley v. County of Erie 776 F Supp at 733-34; Davidson v State 3 A.D. 3d 623, 771 NYS2d 197.

There is a Psychotherapist-Patient Privilege recognized by the federal Courts. See Jaffee v. Redmond 518 US 1, 15, 116 SCt 1923 (1996)

13) Defendants must act under color of State law to be sued under 42 USC 1983. See West v. Atkins 487 US 42, 50, 108 SCt 2250 (1988)

In this case under Correctional Law and Public Health law defendants acted under Color of State Law. US v. Walsh 194 F3d 37, 51.

City and County officials and employees are considered to act under Color of State Law See Monroe v. Pape 365 US at 172-87.

4

14) Prison Personnel may be held liable for their failure to act if it results in a constitutional violation. See Estelle v. Gamble 429 US 96, 106, 97 S.ct 285. Plaintiff has a constitutional right to Proper medical care.

15) Pro se litigants are allowed an opportunity to amend deficient complaints before the Court finally dismisses the Complaint. Fed. R. Civ. P. Rule 15(a)(2)
Plaintiff is unable to properly identify fully date and Persons until he receives copies of his medical record which Plaintiff is having Problems getting to the law library and getting medical to Provide all medical records from 2017 to date. Including where he was hospitalized.

16) Because Plaintiff is not being given Proper access to the law library and copies of medical records. Under Forma Pauperis 28 USC 1915(e)(1) Plaintiff is asking that Counsel be appointed. Also because of the need for depositions, motions, answering questions etc. See Hendricks v Coughlin 114 F3d 390, 394, (2d Cir 1997)

Respectfully
Water Herring

cc: Paul Sanders
   of Barclay Damon
   Kellie Cajitch
   of County Attorney

The Court grants Plaintiff a 30-day deadline to amend his complaint. Plaintiff must file an amended complaint by no later than May 31, 2021. Defendants must file a letter on the docket by May 7, 2021, which provides a report on Plaintiff's access to the law library and to his medical records and mail a copy of such letter to Plaintiff. The Court denies the pending Motions to Dismiss without prejudice, which may be renewed after the amended complaint is filed. The Clerk of Court is respectfully requested to terminate the pending motions, Dkt. Nos. 33 and 39 and mail a copy of this memo endorsement to Plaintiff.

White Plains, NY
April 30, 2021

SO ORDERED

KENNETH M. KARAS U.S.D.J.

Walter Herring
2017-03597
Orange County Jail
110 Wells Farm Rd
Goshen NY 10924

Legal Mail

RECEIVED
APR 28 2021
U.S. District Court
White Plains

Kenneth M. Karas
United States District Court
300 Quarropas Street
White Plains NY 10601

NEW YORK NY 100
15 APR 2021 PM 11 L
USA FOREVER