UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WALTER C. HERRING,

                                    Plaintiff,

                -v-

SERGEANT KEITH KISZKE, *et al.*,

                                    Defendants.

20-CV-8765 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Plaintiff Walter C. Herring ("Plaintiff"), currently incarcerated at Orange County Jail

("Orange County"), brings this pro se action against Alfakenny De La Cruz, RN (sued herein as

Nurse Alpha DeLaCruz), Adrienne Cupertino, RN (sued as Nurse Adrienna Cupertino),

Phouvieng Soulinin-Ocker, RN (sued as Nurse Paula), and Kaitlin Menard, RN (sued as Nurse

Kaitly) (collectively "Defendants"), alleging negligence, defamation, and violations of his

constitutional rights under 42 U.S.C. § 1983 as well as for violation of his rights under the Health

Insurance Portability and Accountability Act ("HIPAA") codified at 42 U.S.C. § 1320, *et seq.*

(*See* Compl. (Dkt. No. 1).)  Plaintiff seeks $3.5 million in unspecified damages.  (*Id.* at 6.)  By

order dated November 10, 2020, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, in forma pauperis.  (Dkt. No. 6.)[1]

In a letter docketed April 28, 2021, Plaintiff requested that the Court appoint pro bono

counsel on his behalf.  (*See* Plaintiff's Application for Appointment of Counsel ("Application")

(Dkt. No. 41).)[2]  Plaintiff alleges that he is "unable to get to the Law Library no matter how

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(b)(1).

[2] Although not docketed by the Clerk's Office until April 28, 2021, the request is dated
April 13, 2021.  (Application.)

many requests are submitted . . . ." (*Id.* at 1.)  The Court directed Defendants to inquire into and respond to Plaintiff's allegations regarding his access to the law library.  (Dkt. No. 42.)  On May 5, 2021, Defendants filed a letter responding to Plaintiff's allegations, stating that Orange County records reflect that since February 25, 2021, Plaintiff has submitted a single request to use the law library.  (Letter from Kellie E. Lagitch, Esq. to Court (May 5, 2021) ("Lagitch Letter") 1 (Dkt. No. 43.)  Plaintiff's only request was made on April 21, 2021 and he was called down to the law library the following day.  (*Id.*)  Plaintiff also states that he requests counsel because of "the need for depositions, motions, answering questions, etc." (Application at 5.)  For the following reasons, Plaintiff's request for counsel is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties.  *See* 28 U.S.C. § 1915(e)(1).  Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision."  *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry.  *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).  First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'"  *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)).  In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success.  *Hodge*, 802 F.2d at 60 (internal quotation marks omitted).  In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets

them to raise the strongest arguments that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'"  *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Regarding the first prong of two-step inquiry outlined in *Hodge*, for the purposes of the instant request for appointment of counsel, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted).  Turning to the second inquiry

regarding prudential factors, however, the Court finds that Plaintiff has not shown why he needs counsel.

Here, Plaintiff does not explain whether he has sought to obtain counsel in this matter at all before asking the Court to appoint counsel, instead he only alleges it is difficult due to the conditions of his confinement.  However, Plaintiff has not demonstrated that he made any effort to engage counsel, and his request should be denied.  *See Walsh v. Buchanan*, No. 11-CV-1206, 2013 WL 145041, at *3 (D. Conn. Jan. 11, 2013) ("The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time."); *Anderson v. Romano*, No. 08-CV-559, 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (denying the plaintiff's request for appointment of counsel because the plaintiff "ha[d] not indicated to the [c]ourt . . . that he made any effort to engage counsel prior to making the . . . application"); *Highsmith v. Gomez*, No. 98-CV-294, 2000 WL 33381018, at *3 (D. Conn. Nov. 30, 2000) ("Since [the] [p]laintiff has not demonstrated sufficient efforts to obtain counsel, his motion must be denied.").

Putting aside Plaintiff's failure to demonstrate he has attempted to obtain counsel, Plaintiff cannot satisfy step two of the inquiry regarding prudential factors without providing the Court further information on why he needs counsel.  While Plaintiff complains that he is unable to access the law library "no matter how many requests are submitted," that assertion has been directly refuted by Defendants.  (Lagitch Letter at 1.)  But even if Plaintiff was denied access to the law library, this factor, alone, "does not alter the Court's analysis as to the remaining *Hodge* factors."  *Arnold v. County of Westchester*, No. 16-CV-9552 at Dkt. No. 38 (S.D.N.Y. Apr. 4, 2017); *see also Perkins v. Napoli*, No. 08-CV-6248, 2010 WL 1056347 (W.D.N.Y. Mar. 19, 2010) (denying a plaintiff's motion for appointment of counsel where plaintiff alleged he had no

4

access to the law library, even though "inmates in administrative segregation [had] access to legal materials and documents").  Furthermore, as the Supreme Court observed in *Lewis v. Casey*, 518 U.S. 343 (1996), there is no "abstract, freestanding right to a law library or legal assistance."  *Id.* at 351.

Moreover, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage."  *Mena*, 2013 WL 1165554, at *2. Plaintiff's claims are largely based on the retelling of events that happened in his presence, and "do[es] not appear to require outside investigation."  *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case").  Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s].  *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice.  Plaintiff may renew his request and provide the Court with additional

information regarding his circumstances, if they materially change.  The Clerk is respectfully

directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: July 26, 2021
      White Plains, New York

 

_____
        KENNETH M. KARAS
        United States District Judge